UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                              Criminal No. 11-052 (JNE/JSM) (2)
                                                                          Civil No. 16-cv-2134 (JNE)
MAURICE ANTHONY LEWIS,                                          ORDER

    Defendant.

       Citing 28 U.S.C. § 2255, *pro se* defendant Maurice Anthony Lewis challenges the sentence imposed by the Court on November 7, 2011. Lewis's motion, filed June 24, 2016 [Dkt. No. 75], purports to seek permission to file a successive motion under 28 U.S.C. § 2255, but because he has not previously filed any § 2255 motions as to this sentence, such permission is unnecessary. The Court will therefore decide the merits of his § 2255 attack. Lewis challenges his conviction and sentence under 18 U.S.C. § 924(c) as invalid under the new substantive rule of law announced in *Johnson v. United States*, 135 S. Ct. 2551 (2015). *Johnson* found the so-called "residual clause" of 18 U.S.C. § 924(e)(2)(B), which is a separable portion of that subsection's definition of "violent felony," to be unconstitutionally vague. *Id.* at 2557; *see also Welch v. United States*, 136 S. Ct. 1257, 1268 (2016) (holding that *Johnson* applied retroactively). For the reasons explained below, Lewis's § 2255 motion must be denied.

       Lewis pleaded guilty to and was sentenced for his convictions under two counts of a Superseding Indictment: first, aiding and abetting interference with commerce by robbery (also called a Hobbs Act robbery) in violation of 18 U.S.C. §§ 2 and 1951(a) (Count 1s), and second, aiding and abetting possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. §§ 2 and 924(c)(1) (Count 4s). Dkt. Nos. 19, 45. In the plea agreement, Lewis agreed to the following factual basis for his plea:

> On or about November 27, 2010, the defendant and two other individuals traveled to the White Bear Bar . . . for the purpose of robbing the bar. . . . The defendant and the two other individuals then robbed, at gunpoint, the White Bear Bar taking money from the person and presence of employees of the White Bear Bar by means of actual and threatened force.  The defendant did not possess a firearm during the robbery but knew the two other individuals were armed and intended to brandish – and did brandish – the firearms during the robbery.  During the robbery of the bar, one of the aforementioned firearms discharged.  The bullet hit one of the patrons of the White Bear Bar.

*See* Dkt. No. 46 (placeholder for the parties' plea agreement, filed with the Clerk).  Lewis further agreed and admitted "that the robbery of the White Bear Bar constitutes a crime of violence for which he may be prosecuted in a court of the United States . . . ."  *Id.*  The parties agreed that a mandatory seven-year sentence under 18 U.S.C. § 924(c)(1)(A)(ii) was "appropriate under the facts and circumstances of this case."  *See* Dkt. No. 51 at 7 (Lewis's Position Regarding Sentencing, quoting the plea agreement).  The Court sentenced Lewis to seven years (84 months) on Count 4s and to 40 months on Count 1s, to be served consecutively.  Dkt. No. 60 (Judgment).

The mandatory sentence enhancements set out in 18 U.S.C. § 924(c) apply in the following circumstances:

> [A]ny person who, during and in relation to any crime of violence . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence . . . —(i) be sentenced to a term of imprisonment of not less than 5 years; [and] (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years . . . .

*Id.* § 924(c)(1)(A).  Congress defined "crime of violence" in this context as:

> an offense that is a felony and—
>     (A) *has as an element* the use, attempted use, or threatened use of physical force against the person or property of another, *or*
>     (B) that by its nature, *involves a substantial risk* that physical force against the person or property of another may be used in the course of committing the offense.

*Id.* § 924(c)(3) (emphases added).

In his § 2255 motion, Lewis argues that his conviction and sentence under § 924(c) relied on the so-called "substantial risk" clause of the definition of "crime of violence"—that is, on § 924(c)(3)(B)—and that a conviction under the substantial risk clause violates due process because, like the residual clause of § 924(e)(2)(B)(ii), it is unconstitutionally vague. There appear to be several flaws with this argument, but the Court will not reach all of them. A fatal flaw in Lewis's argument is that, although he questions the constitutionality of the substantial risk clause of § 924(c)(3)(B), his sentence under Count 4s stands on firm ground based on a different subsection, § 924(c)(3)(A), the so-called "elements clause." In Lewis's case, § 924(c) applied because of his underlying felony in aiding and abetting a Hobbs Act robbery (Count 1s). A Hobbs Act robbery means:

> the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, *by means of actual or threatened force, or violence, or fear of injury*, immediate or future, *to his person or property*, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

18 U.S.C. § 1951(b)(1) (emphases added). Lewis argues that a Hobbs Act robbery does not satisfy the elements clause of the "crime of violence" definition.[1] Citing cases from other circuits, he questions whether the "fear of injury" requires the use of physical force and whether the force referenced in § 1951(b) is necessarily the "physical force" required by § 924(c)(3)(A). Under clear Eighth Circuit precedent, however, this argument fails. In *United States v. Farmer*, 73 F.3d 836, 842 (8th Cir. 1996), the appellate court found that Hobbs Act robbery "has as an

---

[1] Lewis wisely does not argue that the elements clause of § 924(c) is unconstitutional. *Cf. Johnson*, 135 S. Ct. at 2563 (noting that its ruling on the constitutionality of § 924(e)(2)(B)(ii)'s residual clause did not call into question the elements clause in § 924(e)(2)(B)'s definition of a violent felony); *see also Welch*, 136 S. Ct. at 1268.

3

element the use, attempted use, or threatened use of physical force against the person of another." That element is all that § 924(c)(3) requires. The court of appeals recently reaffirmed the vitality of *Farmer*'s finding. In *United States v. House*, No. 14-3011, 2016 WL 3144735, at *3 (8th Cir. June 6, 2016), in response to that defendant's argument that a Hobbs Act robbery did not meet the definition of a crime of violence under § 924(c), the court stated that if it were to analyze that question, it "would be bound by *Farmer*, 73 F.3d at 842, where we concluded that Hobbs Act robbery has 'as an element the use, attempted use, or threatened use of physical force against the person of another.'"

Moreover, even if there were room for debate in the abstract about whether the Hobbs Act robbery elements satisfy § 924(c)(3)(A), there is no question in this case. In pleading guilty under 18 U.S.C. §§ 2, 1951, and 924(c), Lewis agreed that his Hobbs Act robbery "constitutes a crime of violence for which he may be prosecuted in a court of the United States." *See* Dkt. No. 46 (referring to plea agreement). This admission binds him. *See United States v. Burton*, 464 F. App'x 101, 104 (4th Cir. 2012). Moreover, Lewis specifically admitted that he knew that his co-criminals planned to brandish guns in the course of robbing the White Bear Bar and that one of the guns was fired and actually injured a bar patron. *See* Dkt. No. 46. Lewis's guilty plea thus rested on facts that included the threatened and actual use of physical force against victims in the bar. *Cf. Shepard v. United States*, 544 U.S. 13, 20-21, 26 (2005) (approving consideration of an in-the-record written plea agreement to determine whether a defendant's underlying crime met the element requirements of a predicate offense for § 924(e)). Lewis's felony conviction for Hobbs Act robbery under Count 1s therefore qualifies as a predicate "crime of violence" under § 924(c)(3)(A) for his Count 4s conviction and attendant seven-year sentence.

Because Lewis's conviction and sentence under § 924(c) rest solidly on § 924(c)(3)(A), the constitutionality of which is not questioned, this § 2255 motion must be denied. The Court need not and does not reach Lewis's primary legal argument, which is that a sentence under § 924(c)(3)(B) would be invalid because, in his view, that clause is unconstitutionally vague like the residual clause analyzed in *Johnson*.

An appeal cannot be taken from a final order denying a motion under § 2255 without a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1). A court cannot issue a certificate of appealability unless the applicant has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, Lewis has not demonstrated that reasonable jurists would find the rejection of his claim debatable or wrong. Thus, the Court declines to issue a certificate of appealability.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Maurice Anthony Lewis's Pro Se Motion to Vacate Under 28 U.S.C. 2255 [Dkt. No. 75] is DENIED.

2. A certificate of appealability is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August 17, 2016                    s/ Joan N. Ericksen
                                          JOAN N. ERICKSEN
                                          United States District Judge